Ryan Lee
Law Offices of Ryan Lee, PLLC
7272 E. Indian School Rd.
Suite 540
Scottsdale, AZ 85251
Phone: (323) 524-9500
Fax: (323) 524-9502
ryan@ryanleepllc.com
Attorney for Plaintiff,
Amy May

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| AMY MAY,<br><br>Plaintiff,<br><br>v.<br><br>RSI ENTERPRISES, INC.,<br><br>Defendant. | No.<br><br>**Plaintiff's Complaint** |

Plaintiffs, AMY MAY ("Plaintiff"), through her attorneys, Law Offices of Ryan Lee, PLLC, alleges the following against Defendant, RSI ENTERPRISES, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiffs are natural persons residing in Tucson, Pima County, Arizona.

6. Plaintiffs are consumers as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency located in Glendale, Maricopa County, Arizona.

11. Defendant is a business entity engaged in the collection of debt within the State of Arizona.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt owed arises from transactions for personal, family, and household purposes.

19. Defendant calls Plaintiff on Plaintiff's home telephone number, 520-395-8051.

20. Defendant calls Plaintiff from 520-208-2258 and 480-422-0984, which are two of Defendant's telephone numbers.

21. Within the past year, Defendant began placing collection calls to Plaintiff.

22. Within the past year, Plaintiff has orally requested that Defendant stop calling her.

23. Specifically, in May, 2016, Plaintiff orally requests that Defendant stop calling her.

24. Despite this request, Defendant continues to place collection calls to Plaintiff on her home phone.

25. On or around July 27, 2016, Agruss Law Firm, LLC, faxed a cease and desist letter to Defendant at 602-263-4012.

26. On or around July 27, 2016, Agruss Law Firm, LLC, received a fax confirmation that the fax had been delivered to Defendant.

27. Despite Plaintiff's multiple request(s) for Defendant to stop calling her, Defendant has continued to place collection calls to Plaintiff's home telephone.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Defendant violated the FDCPA based on the following:

    A. Defendant violated §1692c(c) of the FDCPA by communicating with the consumer after the consumer has notified the debt collector in writing that the consumer wishes the debt collector to cease further communication; and

    B. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant

continued to place collection calls to Plaintiff after she requested that Defendant cease communication.

WHEREFORE, Plaintiff, AMY MAY, respectfully requests judgment be entered against Defendant, RSI ENTERPRISES, INC. for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

31. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: January 13, 2017         By:/s/ Ryan Lee
                                    Ryan Lee
                                    Law Offices of Ryan Lee, PLLC
                                    Attorney for Plaintiff

4